**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7249**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SANDRA ELLIOTT,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:09-cr-00383-BO-1; 5:13-cv-00543-BO)

_____

Submitted:  December 18, 2014     Decided:  December 23, 2014

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Sandra Elliott, Appellant Pro Se.   William Miller Gilmore,
Stephen Aubrey West, Assistant United States Attorneys, Kimberly
Ann Moore, Seth Morgan Wood, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Elliott seeks to appeal the district court's June 10, 2014 order denying relief on her "motion to dismiss for lack of subject matter jurisdiction" and "for post-conviction relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)," and the district court's July 28, 2014 reminder to counsel regarding courtesy copies of documents exceeding twenty pages. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

Turning first to the June 10 order, when the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on June 10, 2014. The notice of appeal was filed no earlier than August 20, 2014.[1] Because Elliott failed to file a timely

---

[1] See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal as to this order.

Turning to Elliott's appeal of the district court's July 28 reminder to counsel, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). The July 28 reminder to counsel is neither a final order nor an appealable interlocutory or collateral order.

Accordingly, we deny leave to proceed in forma pauperis, deny Elliott's motion for coram nobis and for leave to supplement the record, and dismiss the appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] In her informal brief, Elliott also states that she seeks to appeal the district court's February 10, 2014 order denying her 28 U.S.C. § 2255 (2012) motion, and the district court's June 30, 2014 order granting the Government's motion for an extension of time to file a response to Elliott's motion for return of property. We dismiss the appeal as to those orders for lack of jurisdiction, because the appeal of the denial of the § 2255 motion is untimely and the appeal of the order granting an extension of time is interlocutory.

3